IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS ROWLANDS,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-1957 |
| | : | |
| BUCKS COUNTY CORRECTIONAL<br>FACILITY MEDICAL DEPARTMENT,<br>    Defendant. | :<br>:<br>: | |

## MEMORANDUM

SCOTT, J.                                                                                         JULY 21st, 2023

    Plaintiff Thomas Rowlands, an inmate currently confined at Bucks County Correctional Facility ("BCCF"), filed this *pro se* action alleging violations of his civil rights. Rowlands also seeks leave to proceed *in forma pauperis*. Named as the only Defendant is the Bucks County Correctional Facility Medical Department ("BCCF Medical Department"). For the following reasons, Rowlands will be granted leave to proceed *in forma pauperis* and the Complaint will be dismissed without prejudice.

### I.    FACTUAL ALLEGATIONS[1]

    Rowlands's Complaint is sparse. Rowlands alleges that on March 15, 2023 his "knee gave out just walking around the [prison] yard." (*Id.* at 5.) He claims that his knee was x-rayed on April 17, 2023, and that a follow-up visit has been scheduled at "chronic care." (*Id.*) Rowlands alleges that he has experienced "pain and suffering . . . because of medical not treating [him] as they should." (*Id.*) Rowlands seeks monetary relief. (*Id.*)

---

[1] The allegations set forth in this Memorandum are taken from Rowlands's Complaint. (*See* ECF No. 1.) The Court adopts the pagination supplied by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court grants Rowlands leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Rowlands is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Rowlands brings his Complaint pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United

---

[2] However, as Rowlands is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Rowlands names BCCF Medical Department as the only defendant.  However, a prison medical department is not a "person" for purposes of § 1983 liability.  *Gerholt v. Wetzel*, 858 F. App'x 32, 34 (3d Cir. 2021) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir.1973) (*per curiam*).  Furthermore, Rowlands has not plausibly alleged a constitutional violation based on treatment of his knee injury.  To state a claim based on the failure to provide medical care, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).[3]  A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  Deliberate indifference in this context is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner

---

[3] While Rowlands cites the Eighth Amendment as the basis for his claim, (Compl. at 3), it is not clear from the Complaint whether Rowlands was a pretrial detainee or a convicted and sentenced inmate.  However, the same standard for considering Rowlands's claim for deliberate indifference to serious medical needs is applicable in either case.  *See Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019) (holding that the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis).

from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

"A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Additionally, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with . . . deliberate indifference." *Id.* at 236.

In addition to not naming an appropriate defendant, Rowlands's Complaint claim as pled fails to adequately allege deliberate indifference to a serious medical need. Rowlands states that he suffered an injury when his "knee gave out just walking around the [prison] yard." (Compl. at 3.) Other than referencing "pain and suffering," Rowlands does not provide any specific information about the severity of his knee injury, although it is clear that he at least received an x-ray. While he claims generally that "medical" has "not treated [his injury] as they should," Rowlands does not provide any details about dates and circumstances of requests for care, and the responses or interactions, if any, about that care. He has not identified any individual who knew that he required additional care but nevertheless delayed or denied providing additional treatment for his knee injury. Absent further specific factual allegations, Rowlands has not alleged a plausible claim for deliberate indifference to his serious medical needs. Accordingly, this claim will be dismissed without prejudice.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Rowlands leave to proceed *in forma pauperis* and dismiss Rowlands's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The dismissal is without prejudice to Rowlands filing an amended complaint in the event he can state a plausible claim against an appropriate defendant responsible for the claimed constitutional violation. An appropriate Order follows, which provides additional instruction as to amendment.

BY THE COURT:

*Kai Scott*

KAI SCOTT, J.